JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Cardell Belfoure appeals his conviction on one count of carrying a concealed weapon and one count of possession of a weapon under disability. For the reasons below, we affirmed the decision of the trial court.
{¶ 2} On December 28, 2000, police received a robbery complaint. In response to the complaint, officers approached Belfoure who fled when he saw the police. They apprehended Belfoure after a chase and recovered a handgun from him.
{¶ 3} Belfoure was convicted by a jury of one count of carrying a concealed weapon, a fourth degree felony and one count of possession of a weapon while under disability, a fifth degree felony. The trial court sentenced Belfoure to a fifteen-month term for the concealed weapon charge and a twelve-month term for the disability charge, to run concurrently.
{¶ 4} Belfoure raises the following assignments of error on appeal:
 I.
{¶ 5} THE TRIAL COURT ERRED WHEN IT PERMITTED THE JURORS TO QUESTION THE WITNESSES.
{¶ 6} During Belfoure's trial, the court permitted jurors to ask questions by first submitting them in writing, and secondly discussing them with the attorneys outside the jury's hearing. If the court determined that they were proper, it questioned the witness accordingly.
{¶ 7} Belfouremaintains that the trial court committed per se reversible error by allowing jurors to question witnesses durin his trial. State v. Gilden (2001), 144 Ohio App.3d 69.
{¶ 8} In Gilden, the procedure followed by the trial court in permitting juror questions is almost identical to the procedure used by the trial court herein.
{¶ 9} Citing several federal and Ohio state court decisions,[1]
the First District appellate court acknowledged in Gilden that most courts that have addressed the issue of whether to allow juror questions have held that it is within the trial court's discretiong to do so, and a decision should not be reversed absent a showing of prejudice. See Id.
{¶ 10} Despite the litany of cases finding to the contrary on this issue, the Gilden court held that juror questioning "is a gross distortion of the adversary system that undermines the jury's role as a neutral fact-finder and thus should be banned outright; because the practice is so inherently prejudicial, the defendant need not affirmatively show prejudice." Gilden at syllabus, paragraph one.
{¶ 11} Shortly after the Gilden decision, the Tenth District appellate court encountered the same issue in State v. Fisher, 10th Dist. No. 01AP-614, 2001-Ohio-8772. The trial court in Fisher also permitted jurors to submit questions in writing, which were reviewed by counsel and the court, approved, and then asked of witnesses. The Fisher court acknowledged the Gilden decision, but held the practice of allowing jurors to submit questions does not amount to plain error. Instead, cases should be carefully examined to ascertain whether there was an abuse of discretion in the process." Id.
{¶ 12} The Ohio Supreme Court recently determined that a conflict exists between Gilden and Fisher, and the matter remains pending. Statev. Fisher (2002), 94 Ohio St.3d 1484.
{¶ 13} This court's position on this issue was established in Statev. Sheppard (1955), 100 Ohio App. 345, which states that although it is not encouraged, "[t]he right of a juror to question a witness during trial is within the sound discretion of the court." Id. At syllabus, paragraph 5.
{¶ 14} Here, the trial court's decision to permit jurors to ask questions was within its discretion. To avoid prejudice to Belfoure, the trial court required the jurors to submit the questions in writing. The questions were reviewed by the trial court and counsel, and only those questions approved by all were presented to the testifying witnesses.
{¶ 15} Belfoure has failed to establish that he was prejudiced by the trial court's action. Accordingly, Belfoure's first assignment of error is overruled.
 II.
{¶ 16} THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM TERMS OF INCARCERATION WHERE THE RECORD DOES NOT SUPPORT THE SENTENCE.
{¶ 17} Belfoure disputes that the trial court complied with the statutory sentencing requirements in imposing the longest sentence for having a weapon while under disability, a fifth degree felony.
{¶ 18} R.C. 2929.14(C) provides:
{¶ 19} The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense * * *.
{¶ 20} The trial court made the requisite category finding by stating on the record that Belfoure committed the worst form of the offense.
{¶ 21} In addition to the required category finding under R.C.2929.14(C), the sentencing judge must provide for the record the reasons for said category finding. See State v. Edmonson, 86 Ohio St.3d 324,326, 1999-Ohio-110; State v. Gonzalez (Mar. 15, 2001) Cuyahoga No. 77338. Reasons should mean the trial court's basis for its findings.Gonzalez.
{¶ 22} Here, the trial court set forth its reasons for finding that Belfoure committed the worst form of the offense at the sentencing hearing and in its judgment entry. The trial court explained that:
{¶ 23} [T]his is the worst form of possessing a firearm since by defendant's admission, it was carried in connection with anticipated drug activity, occurred in connection with a dispute over a drug transaction, and defendant previously had been imprisoned for an offense where a firearm was possessed.
{¶ 24} Belfoure acknowledges that the trial court used proper statutory language in labeling his crime as the worst possible offense; however, he maintains that the act did not actually qualify as such. Thus, Belfoure asks us to modify the sentence imposed by applying the analysis set forth in State v. DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609.
{¶ 25} In DeAmiches, this court found that the record did not support the court's finding that the crime at issue was the worst form of the offense. Thus, pursuant to R.C. 2953.08, we modified the maximum sentence imposed by the trial court.
{¶ 26} However, we determine that the trial court's finding in the instant case was supported by the record. At the sentencing hearing, Belfoure admitted to the trial court that the incident took place just eighteen months after he completed a ten-year sentence on aggravated burglary charges. He further explained to the court that the incident took place in relation to a drug deal.
{¶ 27} Therefore, the trial court followed the statutory mandates in sentencing Belfoure to a maximum prison term on the possession of a firearm while under disability charge.
{¶ 28} Accordingly, Belfoure's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J. CONCURS; MICHAEL J. CORRIGAN, P.J. CONCURS WITHSEPARATE CONCURRING OPINION
[1] State v. Wayt (1992), 83 Ohio App.3d 848, 857-858, 615 N.E.2d 1107,1112; State v. Sheppard (1955), 100 Ohio App. 345, 390, 128 N.E.2d 471,499, affirmed on other grounds (1956), 165 Ohio St. 293, 135 N.E.2d 340;State v. Cobb, 2000 Ohio App. LEXIS 3429 (July 24, 2000), Seneca App. No. 13-2000-07; Logan v. Quillen, 1995 Ohio App. LEXIS 4837 (Oct. 27, 1995), Hocking App. No. 94CA26; State v. Mascarella, 995 Ohio App. LEXIS 3708 (June 30, 1995), Tuscarawas App. No. 94 AP 100075; State v. Sexton,
1982 Ohio App. LEXIS 15558 (Nov. 24, 1982), Clark App. No. 1689; Statev. Ernst, 1982 Ohio App. LEXIS 14381 (Oct. 29, 1982), Sandusky App. No. S-82-7. See also, United States v. Bush (C.A.2, 1995), 47 F.3d 511,514-515; Commonwealth v. Britto (2001), 433 Mass. 596, 609-611,744 N.E.2d 1089, 1103-1104; State v. Hays (1994), 256 Kan. 48, 53-54,883 P.2d 1093, 1098-1099; Sylvester, Your Honor, May I Ask A Question?The Inherent Dangers of Allowing Jurors to Question Witnesses (1990), 7 Cooley L.Rev. 213; Annotation (1970), 31 A.L.R.3d 872.